UNITED STATES, Appellee

v

ALBERTO TORRES, Specialist Four, U. S. Army, Appellant

22 USCMA 96, 46 CMR 96

No. 25,632

January 19, 1973

*Captain Arpiar G. Saunders, Jr.* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick,* and *Captain David A. Fisher.*

*Captain Richard A. Karre* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Glenn R. Bonard,* and *Captain Richard L. Menson.*

## Opinion of the Court

DUNCAN, Judge:

The appellant, Specialist Four Alberto Torres, was tried and found guilty by special court-martial on July 13, 1971, of larceny and unlawfully opening mail matter, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, respectively. He was sentenced to a bad-conduct discharge, forfeiture of $40.00 per month for five months, and confinement at hard labor for two months. The convening authority approved the sentence. The Court of Military Review affirmed the findings and sentence on March 27, 1972. We granted review on the following issue:

Whether the military judge prejudiced the appellant by admitting as evidence Prosecution Exhibit 4, thus denying the appellant's motion for appropriate relief that the subject items were the fruits of an illegal search and seizure.

The pertinent facts are these. While walking through the operations section of the post office of the 548th AG (Postal) Company, on a routine inspection, Lieutenant Colonel Sirianni, Commanding Officer, United States Army Postal Group, Europe, noticed a package with no postage on it, addressed for mailing, lying on a table in the work area. His curiosity aroused, Lieutenant Colonel Sirianni also noticed that appellant's name was on the return address portion of the package, and that the addressee portion of the package was inscribed with the name of a woman bearing the same surname as appellant. Shortly thereafter, upon ascertaining that the package belonged to appellant who was assigned to work at the postal unit, Lieutenant Colonel Sirianni ordered him to open the package. Inside the package silverware was found, which proved to be stolen from the mails.

After learning that the package was appellant's property, Lieutenant Colonel Sirianni stated that he intended to make an "example" of a military postal employee having personal property in the post office in contravention of USAREUR Postal Bulletin No. 7, dated September 14, 1970, by having the package owner open it.[1] More specifically Sirianni predicated the order to open the package on two reasons: First, to make an example to serve as a training vehicle to discourage other persons working in the post office from bringing in personal property; and, secondly, to make sure that the package was not repackaged or a relabeled item that had been stolen from the mails.

At trial, Prosecution Exhibit 4, the contents of the package (a cardboard box containing one 85-piece silverware set worth $656.85), was admitted into evidence after a defense motion to suppress was denied.

The appellant contends that Lieutenant Colonel Sirianni had no lawful authority to search and seize the package. It is also contended that the routine inspection conducted by the inspecting officer turned into an impermissible expanded search of the contents of the package to determine whether property was stolen from the

---

[1] The pertinent part of USAREUR Postal Bulletin No. 7, dated September 14, 1970, reads:

"VI—*GENERAL OPERATING PROCEDURES.* . . .

"2. Personal items will not be stored in a postal activity."

mails. In addition, it is urged that examination of the package was illegal because at the time he ordered appellant to open the package, he only suspected that contraband was present.

On the other hand, appellate Government counsel maintain that incriminating evidence discovered during the course of a lawful inspection designed to insure unit efficiency and security is admissible in evidence against the accused. They also argue that appellant's possession of the package in the postal facility in violation of regulations rendered any expectation of privacy unreasonable.

We hold that the opening and inspection of appellant's package was reasonable.

▇▇▇ The Fourth Amendment to the Constitution of the United States does not denounce all unauthorized searches or seizures, but only such as are unreasonable.[2] United States v Kazmierczak, 16 USCMA 594, 37 CMR 214 (1967). In United States v Maglito, 20 USCMA 456, 458, 43 CMR 296, 298 (1971), this Court said:

> "The Fourth Amendment to the Constitution of the United States protects individuals against 'unreasonable' intrusion by the Government into the privacy of their persons and effects. . . .
>
> . . . . .
>
> ". . . [W]e accept the constitutional requirement that a search and seizure must not be 'unreasonable' as the standard by which to measure the legality of what was done here."

In United States v Maglito, supra, we passed on the lawfulness of a requirement that persons under restraint in a certain barracks must submit to a search of packages in their possession upon entry into the barracks. A search of Maglito's possessions was held to be reasonable without regard to whether there was probable cause to believe the specific packages contained articles directly or potentially inimical to security and discipline. Likewise, in the case at bar we believe that security and proper operation of the postal facility is justification for deeming the examination of the specific package reasonable without regard to whether or not there was probable cause to believe the package contained stolen property. In *Maglito*, it was reasonable to inspect every package entering the restricted barracks; here, it was reasonable to seize any package not lawfully in the post office. "If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted search warant." Camara v Municipal Court, 387 US 523, 539, 18 L Ed 2d 930, 941, 87 S Ct 1727, 1736 (1967). In this case the officer who seized the package had the requisite authority in military law to search without a warrant, paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition), and the search itself was "suitably restricted" to a package not lawfully in the post office.

AR 65–1, paragraph 8–21, December 12, 1968, provides:

> ". . . U. S. mail will be given adequate protection at all times. Security of the mail and protection of postal effects are responsibilities of command. The following instructions establish only minimum general requirements. *Commanders will institute additional security measures as necessary."* [Emphasis supplied.]

Further, paragraph 15–3c of AR 65–1 provides:

> ". . . Normally, inspections will include but will not be limited to the audit and/or examination of the following:
>
> . . . . .
>
> "(5) Personnel and facilities.
>
> "(6) Security (physical and operational) to include Security SOP.

[2] The Fourth Amendment is, in part, as follows:
"The right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures, shall not be violated." [Emphasis supplied.]

"(7) Other SOPs.

"(8) Mail handling procedures.

.  .  .  .  .

"(11) Postal records (. . . unit mailroom inspections . . .)."

AR 65–75, paragraph 1–6b(4)(b), September 14, 1970, which states unit postal officers shall:

"Inspect wastebaskets, desks, file cabinets, and other fixtures, to insure that mail is not discarded, destroyed, hidden, stored, or treated in other than the proper manner."

As can be deduced from the foregoing provisions, Lieutenant Colonel Sirianni had responsibilities in maintaining the security of mail handled by the 548th AG (Postal) Company.

As was pointed out in Sirianni's testimony, rewrapping of packages was a known method of stealing from the mail. Indeed, if the package had not been opened and inspected it would appear that the inspecting officer would have been remiss in his duty especially in light of the fact that this package was only five to ten feet from the outgoing mail section and all it needed was postage·and a customs tag to be mailed to the addressee. Viewing the package as Torres' personal property, it appears that he could have removed it from the post office at his will; therefore, if security was to be maintained it was exigent that the inspection be made at the time of the discovery of the package in the work area. In such a situation the ability of the appellant to remove the package foreclosed the possibility of resort to a more time-consuming investigation directed to a determination of whether or not the package contained stolen property. We cannot accept appellant's contention that the proper procedure in this instance would have been for Lieutenant Colonel Sirianni to ask appellant merely to remove his package from the work area. Under these facts once Sirianni was aware of the wrapped and addressed package it was inexpedient for him to take any other reasonable course of action other than order the package opened as a security precaution to protect the mails.[3]

We regard as incontrovertible the reasonableness of an inspection of a mailable package which is considered personal property in the work area of an Army post office, without regard to whether there is probable cause to believe the specific package contains articles which were stolen from the mails. An inspection of this kind is reasonably calculated to effectuate a proper Government interest. United States v Maglito, supra.

■■ The test to be used in determining the "capacity to claim the protection of the [Fourth] Amendment" is whether or not the particular locale is one "in which there was a reasonable expectation of freedom from governmental intrusion." Mancusi v De Forte, 392 US 364, 368, 20 L Ed 2d 1154, 1159, 88 S Ct 2120, 2124 (1968); see also Katz v United States, 389 US 347, 19 L Ed 2d 576, 88 S Ct 507 (1967). It is beyond reason that appellant, under the facts before us, would expect freedom from governmental intrusion designed to insure proper, efficient, and secure operation of the postal unit, especially when pursuant to regulation personal property was not to be brought into the work area. Based on the nature of his personal property—a package addressed for mailing—Torres should have expected reasonable governmental intrusion into his package to protect the mails.

We conclude that on the basis of the foregoing reasoning, the silverware found in the package was properly admitted into evidence. Accordingly, we affirm the decision of the military judge and the Court of Military Review.

Chief Judge DARDEN and Judge QUINN concur.

---

[3] This is not to imply that we necessarily agree with Sirianni's other stated reason for his action in having the package opened, which was to serve as an example to other personnel by way of embarrassment to appellant.